Affirmed and Majority and Concurring
Opinions filed March 30, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00027-CR



William Edward
Dreyer, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 284th District Court

Montgomery County, Texas

Trial Court
Cause No. 08-04-03478 CR



 

MAJORITY OPINION

Appellant William Edward Dreyer appeals his
conviction for theft, claiming that the trial court erred in admitting inadmissible
hearsay evidence at the sentencing hearing in violation of his constitutional
right to confront witnesses.  We affirm.

I.         Factual and
Procedural Background

            Appellant was charged by indictment with the
offense of theft, to which he pleaded “guilty.”  Appellant also pleaded “true”
to three enhancement paragraphs involving prior convictions.  The trial judge
found appellant guilty as charged and found the enhancement paragraphs to be
true.  

At the sentencing hearing, the State offered into
evidence a pre-sentence investigation report and then rested.  Appellant
testified, admitted he has been addicted to drugs, and accepted responsibility
for his conduct.  He stated that he was seeking treatment and rehabilitation
for his addiction.  The defense rested after several of appellant’s family
members testified.

The State sought to admit “rebuttal” evidence for the
purposes of setting up a predicate.  Although appellant indicated he had an
objection, he acknowledged that he did not have a legal objection.  The trial
court did not make a ruling.  

The State called an assistant district attorney to the
stand.  The assistant district attorney testified that she was familiar with a
particular deputy, Steve Thompson, who worked as a bailiff in the courthouse. 
The following exchange occurred during this testimony:

[PROSECUTOR]: 
And back on—I want to refer your attention back to October 14th, 2008.  On that
particular date do you recall whether or not the deputy came to inform you of—

[APPELLANT’S
TRIAL COUNSEL]:  Objection, Your Honor.  That’s hearsay.

[PROSECUTOR]: 
I haven’t gone into the contents of the statement.  If and when I do we are
going to be offering it under 803 (1), (2), and (6).  We have Sergeant Ward in
the hallway to prove up the predicate.

[TRIAL
COURT]:  I will overrule the objection.

[PROSECUTOR]: 
Now, back on October 14th, 2008, did the deputy come to you to inform you about
a statement, actually an admission by a party opponent, that person being the
defendant in this cause, Mr. Dreyer?

[WITNESS]: 
Yes, he did.

[PROSECUTOR]: 
Did he, along with informing you of the statement, did he inform counsel that
was representing the defendant, Mr. Finch?

[WITNESS]: 
Yes, he did.  We were in the jury room and Deputy Thompson came in there to tell
us what had happened.

.
. . 

[PROSECUTOR]: 
And is it your understanding that Deputy Thompson is here and assigned to this
Court to provide security to the Court?

[WITNESS]: 
Yes.

[PROSECUTOR]: 
An on that particular date did Mr. Thompson inform you that the defendant had
made an admission concerning drug activity and continued use of drug activity?

[WITNESS]:  Yes, he did.

The assistant district
attorney reviewed an exhibit that had been marked, but not yet admitted into
evidence, as State’s Exhibit 2 and confirmed that the exhibit appeared to be
the court incident security report that Deputy Thompson filed with the district
attorney’s office.  The assistant district attorney did not reveal the contents
of the report; however, she identified the initials and signature in the report
as belonging to Deputy Thompson and his supervisor.  Appellant did not
cross-examine the assistant district attorney.

            Deputy Thompson’s
supervisor testified that bailiffs are required to report incidents involving
defendants to him, as the bailiffs’ immediate supervisor.  According to the
supervisor, the incident reports are kept in the regular course of business. 
The State showed the supervisor Exhibit 2; the supervisor confirmed that the
exhibit was a regular record kept by his department as a court incident
security report.  He identified his initials and signature on the exhibit and
confirmed that on October 14, 2008, he was Deputy Thompson’s immediate
supervisor.  He did not disclose the contents of the report.

The State sought to admit Exhibit 2 into evidence. 
Appellant lodged objections on hearsay grounds, lack of notice of
extraneous-offense evidence, and on grounds that the evidence violated
appellant’s rights under the Confrontation Clause.  The trial court sustained appellant’s
objections and the exhibit was not admitted into evidence.[1]  Appellant
did not cross-examine the supervisor.

The State recalled appellant to testify, as reflected
in the following exchange:

[PROSECUTOR]: 
Sir, earlier I spoke to your counsel concerning an incident that occurred here
in the courtroom approximately two weeks or so ago.  He then reached over to
explain to you what I had told him concerning what we were going to talk about,
a certain statement that you made here in court back on the 14th of October of
2008 wherein a bailiff talked to you about that statement.  Do you recall any
of what I’m talking to you about?

[WITNESS]: 
I don’t recall the statement that was made.

.
. .

[PROSECUTOR]: 
Okay.  So is it fair to say that at no point in time did you ever say that when
you got out after your parole, when you got out you were going to still do what
you were doing, cooking drugs, selling drugs and and [sic] they can catch me if
they can?

[WITNESS]: 
Ma’am, I made a similar statement, but that is not exactly what I said, no. 

[PROSECUTOR]: 
Okay.  Do you want to tell us?

[WITNESS]: 
Can I explain?

[PROSECUTOR]: 
Surely.

[WITNESS]:  I stated that without counsel, without
rehabilitation, without supervision I’m going to end up going back to the same
things I’ve always been used to.  That’s exactly what I said.

Following appellant’s testimony, the State rested.  

            The trial judge sentenced
appellant to ten years’ confinement.  Appellant now appeals his sentence,
claiming that the trial court reversibly erred in admitting inadmissible
evidence pertaining to appellant’s statement as reflected in the court incident
security report.[2]

 

 

 

II.        Issues and Analysis

A.        Did the trial court err in admitting testimony regarding
the court incident security report?

            In his
first issue, appellant contends that the trial court reversibly erred in overruling
his hearsay objection to the assistant district attorney’s testimony regarding
the court incident security report.  Appellant characterizes the assistant
district attorney’s testimony as inadmissible hearsay that delved into the
content of the report.  Appellant asserts that the assistant district
attorney’s testimony, as hearsay, harmed him because it “opened the door” to
the “introduction of statements made to undermine his credibility.”

Even if we presume that the assistant district
attorney’s testimony amounted to inadmissible hearsay evidence, appellant has
failed to preserve this complaint for appellate review because he did not subsequently
object when the State elicited substantially similar testimony from the assistant
district attorney.  See Haley v. State, 173 S.W.3d 510, 516 (Tex. Crim.
App. 2005).  To preserve a complaint for appellate review, a party must make a
timely request, objection, or motion with sufficient specificity to apprise the
trial court of the complaint.  Tex. R.
App. P. 33.1(a); see Haley, 173 S.W.3d at 516.  An
objection must be made each time inadmissible evidence is offered unless a
party obtains a running objection or requests a hearing outside the presence of
the jury.  See Haley, 173 S.W.3d at 516–17.  

Following the testimony to which appellant objected
on hearsay grounds, the assistant district attorney confirmed, without any
objection from appellant, that Deputy Thompson told her that he overheard
appellant make an admission concerning drug activity and continued use of drug
activity.  Similarly, appellant also testified without any objection that his
statement, as overheard by Thompson, meant that without rehabilitation, he
would “end up going back to the same things I’ve always been used to.”  Therefore,
appellant has waived any error as to his complaint because he did not make a
subsequent objection when the same evidence was elicited again by the State and
he did not procure a running objection to the testimony or request a hearing
outside of the jury’s presence.  See Tex.
R. App. P. 33.1(a); see also Ethington v. State, 819 S.W.2d 854, 859
(Tex. Crim. App. 1991) (involving an appellant that failed to preserve error
because, although he objected to the first question posed of a witness as to a
certain subject, appellant did not subsequently object to that witness’s
testimony on the same subject or obtain a running objection).  Likewise,
although appellant asserts harm from the inadmissible hearsay, the improper
admission of evidence is not reversible error when, as in this case, the same
or similar evidence is admitted without objection at another point in the
trial.  See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). 
We, therefore, overrule appellant’s first issue.

B.        Did the trial court err in admitting evidence of the court
incident security report in violation of appellant’s rights under the
Confrontation Clause?

In his second issue, appellant asserts that the trial
court reversibly erred in admitting evidence of Deputy Thompson’s court incident
security report in violation of his rights under the Confrontation Clause. 
According to appellant, he was harmed by evidence pertaining to the report
because the State relied on the content of the report and did not show that
Deputy Thompson was unavailable to testify nor did appellant have an
opportunity to cross-examine Deputy Thompson.

To the extent appellant challenges Deputy Thompson’s
court incident security report, Exhibit 2, on confrontation grounds, the report
in question was not admitted into evidence for the trial court’s
consideration.  The record reflects that the trial court sustained appellant’s
objections at trial to the admission of Exhibit 2 when appellant asserted
various objections, including an objection under the Confrontation Clause, to
the admission of the report.  The record does not reflect that this exhibit was
ever entered into evidence.  Appellant’s argument lacks merit.

To the degree that appellant asserts that the
assistant district attorney’s testimony pertaining to Exhibit 2 amounts to a
violation of his rights under the Confrontation Clause, the record reflects
that appellant asserted a hearsay objection to the assistant district
attorney’s testimony.  Appellant has not shown and our independent review of
the record does not reflect that appellant made a timely request, objection, or
motion with sufficient specificity to apprise the trial court of his complaint
asserting violation of his rights under the Confrontation Clause to the
testimony by the assistant district attorney.  See Tex. R. App. P. 33.1(a); Reyna v.
State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).  An objection based on
hearsay does not preserve error on Confrontation Clause grounds.  Reyna,
168 S.W.3d at 179.  The trial court judge did not have an opportunity to rule
on an objection for a violation of the Confrontation Clause during the
assistant district attorney’s testimony.  See id.  Therefore, appellant
has failed to preserve his complaint for appellate review.  See Tex. R. App. P. 33.1(a); see also
Reyna, 168 S.W.3d at 179 (concluding court of appeals erred in reversing an
appellant’s conviction on a ground not presented to the trial court).  We overrule
appellant’s second issue.

Having overruled
appellant’s two issues on appeal, we affirm the trial court’s judgment.

 

                                                                        

                                                            /s/        Kem
Thompson Frost

                                                                        Justice

 

 

 

Panel consists of
Justices Frost, Boyce, and Sullivan.  (Sullivan, J., concurring).

Publish — Tex. R. App. P. 47.2(b).

 









[1]
Exhibit 2 is contained in this court’s reporter’s record; however, the record
does not reflect that it was admitted into evidence at any point during the
sentencing hearing and appellant does not show where in the record it was
admitted for the trial court’s consideration.  In Exhibit 2, Deputy Thompson
indicated that he heard appellant tell another inmate, “I got four years left
and when I get out I am gonna still do what I am doing cooking drugs and
selling drugs, and they can catch me if they can.”





[2]
This appeal was transferred to the Fourteenth Court of Appeals from the Ninth
Court of Appeals.  In cases transferred by the Supreme Court of Texas from one
court of appeals to another, the transferee court must decide the case in
accordance with the precedent of the transferor court if the transferee court’s
decision would have been inconsistent with the precedent of the transferor
court.  See Tex. R. App. P.
41.3.